# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| INDUSTRIAL TECHNOLOGY<br>RESEARCH INSTITUTE, | § <br> § <br> § | |
| Plaintiff, | § <br> § | CIVIL ACTION NO. _____ |
| v. | § <br> § | JURY TRIAL DEMANDED |
| | § | |
| LG CORPORATION,<br>LG ELECTRONICS, INC., AND<br>LG ELECTRONICS U.S.A., INC., | § <br> § <br> § <br> § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Industrial Technology Research Institute (hereinafter "ITRI" or "Plaintiff") by and through its undersigned counsel, files this Original Complaint against Defendants LG Corporation, LG Electronics, Inc., and LG Electronics U.S.A., Inc. (collectively, "LG" or "Defendants") as follows:

## THE PARTIES

1.      ITRI is the Republic of China, Taiwan's scientific research institution having a principal address of 195, Sec. 4, Chung Hsing Rd., Chutung, Hsinchu, Taiwan 31040, R.O.C.

2.      Upon information and belief, LG Corporation is a Korean corporation with its principal place of business at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, Korea.  Upon information and belief, LG Electronics may be served at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, Korea via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

3.      Upon information and belief, LG Electronics, Inc. is a Korean corporation with its principal place of business at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, Korea.   Upon information and belief, LG Electronics may be served at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, Korea via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.  Upon information and belief, LG Electronics, Inc. is a wholly owned subsidiary of LG Corporation.

4.      Upon information and belief, LG Electronics U.S.A., Inc. is a Delaware corporation with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, NJ, 07632.  Upon information and belief, LG Electronics U.S.A., Inc. may be served with process by serving its registered agent, United States Corporation Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.   Upon information and belief, LG Electronics U.S.A., Inc. is a wholly owned subsidiary of LG Electronics, Inc.

5.      LG Corporation, LG Electronics, Inc. and LG Electronics U.S.A., Inc. will be collectively referred to as "LG."

## JURISDICTION AND VENUE

6.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.   This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over each Defendant.  Each Defendant has conducted and does conduct business within the State of Texas.   Each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas.  Each Defendant has sought protection and benefit from the laws of

the State of Texas. Each Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas. Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

8. More specifically, each Defendant, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, and/or sells its products to customers in the United States, the State of Texas, and the Eastern District of Texas. Each Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas. These infringing products have been and continue to be purchased by consumers in the Eastern District of Texas. Upon information and belief, each Defendant has committed the tort of patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas, and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas.

9. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b), in that, on information and belief, each Defendant has committed acts within this judicial District giving rise to this action and does business in this District, including making sales and/or providing service and support for their respective customers in this District. Further, LG Electronics, Inc. intentionally availed itself of this judicial District by intentionally filing and presently prosecuting at least one patent infringement suit in the Eastern District of Texas involving the same technology at issue in the present case, namely *LG Elecs., Inc. v. Vizio, Inc., et. al.*, No. 5:10-CV-00161 (E.D. Tex. filed Sept. 15, 2010). LG Electronics, Inc. has also filed other patent infringement lawsuits in this District, including *LG Elecs., Inc. v. Funai Elec. Co.,*

*Ltd., et. al.*, No. 5:09-CV-114 (E.D. Tex. filed Aug. 12, 2009); *LG Elecs., Inc. v. Hitachi, Ltd., et. al.*, No. 9:07-CV-00138 (E.D. Tex. filed June 18, 2007); and *LG Elecs., Inc. v. TTE Tech., Inc.*, et. al., No. 5:07-CV-0026 (E.D. Tex. filed Feb. 9, 2007).

## COUNT I

## Patent Infringement of U.S. Patent No. 5,707,785

10.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-9 as though fully set forth herein.

11.    United States Patent No. 5,707,785, titled "Spacers for Liquid Crystal Displays," (hereinafter "the '785 patent") was duly and legally issued by the United States Patent and Trademark Office on January 13, 1998, after full and fair examination.  A true and correct copy of the '785 patent is attached as <u>Exhibit A</u> and made a part hereof.

12.    ITRI is the owner of all right, title, and interest in and to the '785 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.  ITRI owned the '785 patent throughout the entire period of LG's infringing conduct.

13.    The '785 patent is valid and enforceable.

14.    LG has at no time, either expressly or impliedly, been licensed under the '785 patent.

15.    Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and/or all predecessors in interest and/or implied or express licensees of the '785 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '785 patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or

constructive notice to LG of its alleged infringement.

16.     Upon information and belief, LG has been and now is directly, literally under 35 U.S.C. § 271(a) and/or equivalently under the doctrine of equivalents, infringing and/or indirectly infringing, by way of inducing infringement with specific intent under 35 U.S.C. § 271(b) and/or contributing to the infringement under 35 U.S.C. § 271(c) of the '785 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display devices that fall within the scope of one or more claims of the '785 patent, including, but not limited to, the 22LH200C, 22LD350, and other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '785 patent in substantially the same way to achieve the same result and have no substantial non-infringing uses.  Upon information and belief, LG had knowledge of the non-staple nature of these products and the '785 patent throughout the entire period of its infringing conduct.

17.     Upon information and belief, LG's acts of infringement of the '785 patent have been and/or will be willful and intentional.

18.     As a direct and proximate result of LG's acts of patent infringement, ITRI has been and will continue to be irreparably damaged and deprived of its right in the '785 patent in amounts not yet determined, and for which ITRI is entitled to relief.

## COUNT II

## Patent Infringement of U.S. Patent No. 5,714,247

19.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-18 as though fully set forth herein.

20.     United States Patent No. 5,714,247, titled "Reflective Surface for LCD and Method for Forming It," (hereinafter "the '247 patent") was duly and legally issued by the United States Patent and Trademark Office on February 3, 1998, after full and fair examination. A true and correct copy of the '247 patent is attached as <u>Exhibit B</u> and made a part hereof.

21.     ITRI is the owner of all right, title, and interest in and to the '247 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. ITRI owned the '247 patent throughout the entire period of LG's infringing conduct.

22.     The '247 patent is valid and enforceable.

23.     LG has at no time, either expressly or impliedly, been licensed under the '247 patent.

24.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and/or and all predecessors in interest and/or implied or express licensees of the '247 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '247 patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to LG of its alleged infringement.

25.     Upon information and belief, LG has been and now is directly, literally under 35 U.S.C. § 271(a) and/or equivalently under the doctrine of equivalents, infringing and/or indirectly infringing, by way of inducing infringement with specific intent under 35 U.S.C. § 271(b) and/or contributing to the infringement under 35 U.S.C. § 271(c) of the '247 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries) in this District and elsewhere within the United States and/or importing

into the United States, without authority, display devices that fall within the scope of one or more claims of the '247 patent, including, but not limited to, the HP4510s display, 47LX9500, 47LE5500, and other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '247 patent in substantially the same way to achieve the same result and have no substantial non-infringing uses. Upon information and belief, LG had knowledge of the non-staple nature of these products and the '247 patent throughout the entire period of its infringing conduct.

26. Upon information and belief, LG's acts of infringement of the '247 patent have been and/or will be willful and intentional.

27. As a direct and proximate result of LG's acts of patent infringement, ITRI has been and will continue to be irreparably damaged and deprived of its right in the '247 patent in amounts not yet determined, and for which ITRI is entitled to relief.

## COUNT III

## Patent Infringement of U.S. Patent No. 5,721,599

28. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-27 as though fully set forth herein.

29. United States Patent No. 5,721,599, titled "Black Matrix For Liquid Crystal Display," (hereinafter "the '599 patent") was duly and legally issued by the United States Patent and Trademark Office on February 24, 1998, after full and fair examination. A true and correct copy of the '599 patent is attached as Exhibit C and made a part hereof.

30. ITRI is the owner of all right, title, and interest in and to the '599 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for

past infringement damages and the right to recover future royalties, damages, and income. ITRI owned the '599 patent throughout the entire period of LG's infringing conduct.

31.     The '599 patent is valid and enforceable.

32.     LG has at no time, either expressly or impliedly, been licensed under the '599 patent.

33.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and/or all predecessors in interest and/or implied or express licensees of the '599 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '599 patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to LG of its alleged infringement.

34.     Upon information and belief, LG has been and now is directly, literally under 35 U.S.C. § 271(a) and/or equivalently under the doctrine of equivalents, infringing and/or indirectly infringing, by way of inducing infringement with specific intent under 35 U.S.C. § 271(b) and/or contributing to the infringement under 35 U.S.C. § 271(c) of the '599 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display devices that fall within the scope of one or more claims of the '599 patent, including, but not limited to, the 22LH200C, 22LD350 47LE5500, 47LX9500, and other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '599 patent in substantially the same way to achieve the same result and have no substantial non-infringing uses. Upon information and

belief, LG had knowledge of the non-staple nature of these products and the '599 patent throughout the entire period of its infringing conduct.

35.     Upon information and belief, LG's acts of infringement of the '599 patent have been and/or will be willful and intentional.

36.     As a direct and proximate result of LG's acts of patent infringement, ITRI has been and will continue to be irreparably damaged and deprived of its right in the '599 patent in amounts not yet determined, and for which ITRI is entitled to relief.

<u>COUNT IV</u>

<u>Patent Infringement of U.S. Patent No. 6,074,069</u>

37.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-36 as though fully set forth herein.

38.     United States Patent No. 6,074,069, titled "Backlight Source Device with Circular ARC Diffusion Units," (hereinafter "the '069 patent") was duly and legally issued by the United States Patent and Trademark Office on June 13, 2000, after full and fair examination.  A true and correct copy of the '069 patent is attached as <u>Exhibit D</u> and made a part hereof.

39.     ITRI is the owner of all right, title, and interest in and to the '069 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.  ITRI owned the '069 patent throughout the entire period of LG's infringing conduct.

40.     The '069 patent is valid and enforceable.

41.     LG has at no time, either expressly or impliedly, been licensed under the '069 patent.

42.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and/or all predecessors in interest and/or implied or express licensees of the '069 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '069 patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to LG of its alleged infringement.

43.     Upon information and belief, LG has been and now is directly, literally under 35 U.S.C. § 271(a) and/or equivalently under the doctrine of equivalents, infringing and/or indirectly infringing, by way of inducing infringement with specific intent under 35 U.S.C. § 271(b) and/or contributing to the infringement under 35 U.S.C. § 271(c) of the '069 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display devices that fall within the scope of one or more claims of the '069 patent, including, but not limited to, the HP4510s display, 47LE5500, 47LX9500, LGx12 display, and other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '069 patent in substantially the same way to achieve the same result and have no substantial non-infringing uses.  Upon information and belief, LG had knowledge of the non-staple nature of these products and the '069 patent throughout the entire period of its infringing conduct.

44.     Upon information and belief, LG's acts of infringement of the '069 patent have been and/or will be willful and intentional.

45. As a direct and proximate result of LG's acts of patent infringement, ITRI has been and will continue to be irreparably damaged and deprived of its right in the '069 patent in amounts not yet determined, and for which ITRI is entitled to relief.

<u>**COUNT V**</u>

<u>**Patent Infringement of U.S. Patent No. 6,097,464**</u>

46. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-45 as though fully set forth herein.

47. United States Patent No. 6,097,464, titled "A Multi-Domain Homeotropic Aligned Liquid Crystal Display Having Cruciform Bumps Formed Around Pixel Electrodes," (hereinafter "the '464 patent") was duly and legally issued by the United States Patent and Trademark Office on August 1, 2000, after full and fair examination. A true and correct copy of the '464 patent is attached as <u>Exhibit E</u> and made a part hereof.

48. ITRI is the owner of all right, title, and interest in and to the '464 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. ITRI owned the '464 patent throughout the entire period of LG's infringing conduct.

49. The '464 patent is valid and enforceable.

50. LG has at no time, either expressly or impliedly, been licensed under the '464 patent.

51. Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and/or all predecessors in interest and/or implied or express licensees of the '464 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '464 patent on all goods made, offered for sale, sold, and/or imported into

the United States that embody one or more claims of that patent and/or providing actual or constructive notice to LG of its alleged infringement.

52.     Upon information and belief, LG has been and now is directly, literally under 35 U.S.C. § 271(a) and/or equivalently under the doctrine of equivalents, infringing and/or indirectly infringing, by way of inducing infringement with specific intent under 35 U.S.C. § 271(b) and/or contributing to the infringement under 35 U.S.C. § 271(c) of the '464 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display devices that fall within the scope of one or more claims of the '464 patent, including, but not limited to, the 22LH200C, 22LD350, 47LE5500, and other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '464 patent in substantially the same way to achieve the same result and have no substantial non-infringing uses.  Upon information and belief, LG had knowledge of the non-staple nature of these products and the '464 patent throughout the entire period of its infringing conduct.

53.     Upon information and belief, LG's acts of infringement of the '464 patent have been and/or will be willful and intentional.

54.     As a direct and proximate result of LG's acts of patent infringement, ITRI has been and will continue to be irreparably damaged and deprived of its right in the '464 patent in amounts not yet determined, and for which ITRI is entitled to relief.

## COUNT VI

## Patent Infringement of U.S. Patent No. 6,164,791

55.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-54 as though fully set forth herein.

56.     United States Patent No. 6,164,791, titled "Backlight Source Device," (hereinafter "the '791 patent") was duly and legally issued by the United States Patent and Trademark Office on December 26, 2000, after full and fair examination.  A true and correct copy of the '791 patent is attached as Exhibit F and made a part hereof.

57.     ITRI is the owner of all right, title, and interest in and to the '791 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.  ITRI owned the '791 patent throughout the entire period of LG's infringing conduct.

58.     The '791 patent is valid and enforceable.

59.     LG has at no time, either expressly or impliedly, been licensed under the '791 patent.

60.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and/or all predecessors in interest and/or implied or express licensees of the '791 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '791 patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to LG of its alleged infringement.

61.     Upon information and belief, LG has been and now is directly, literally under 35 U.S.C. § 271(a) and/or equivalently under the doctrine of equivalents, infringing and/or

indirectly infringing, by way of inducing infringement with specific intent under 35 U.S.C. § 271(b) and/or contributing to the infringement under 35 U.S.C. § 271(c) of the '791 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display devices that fall within the scope of one or more claims of the '791 patent, including, but not limited to, the 22LH200C, 22LD350, 47LE5500, 47LX6500, 47LX9500, LGx12 display, and other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '791 patent in substantially the same way to achieve the same result and have no substantial non-infringing uses. Upon information and belief, LG had knowledge of the non-staple nature of these products and the '791 patent throughout the entire period of its infringing conduct.

62.     Upon information and belief, LG's acts of infringement of the '791 patent have been and/or will be willful and intentional.

63.     As a direct and proximate result of LG's acts of patent infringement, ITRI has been and will continue to be irreparably damaged and deprived of its right in the '791 patent in amounts not yet determined, and for which ITRI is entitled to relief.

## COUNT VII

### Patent Infringement of U.S. Patent No. 6,166,435

64.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-63 as though fully set forth herein.

65.     United States Patent No. 6,166,435, titled "Flip-Chip Ball Grid Array Package With A Heat Slug," (hereinafter "the '435 patent") was duly and legally issued by the United

States Patent and Trademark Office on January 26, 2000, after full and fair examination. A true and correct copy of the '435 patent is attached as <u>Exhibit G</u> and made a part hereof.

66. ITRI is the owner of all right, title, and interest in and to the '435 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. ITRI owned the '435 patent throughout the entire period of LG's infringing conduct.

67. The '435 patent is valid and enforceable.

68. LG has at no time, either expressly or impliedly, been licensed under the '435 patent.

69. Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and/or all predecessors in interest and/or implied or express licensees of the '435 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '435 patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to LG of its alleged infringement.

70. Upon information and belief, LG has been and now is directly, literally under 35 U.S.C. § 271(a) and/or equivalently under the doctrine of equivalents, infringing and/or indirectly infringing, by way of inducing infringement with specific intent under 35 U.S.C. § 271(b) and/or contributing to the infringement under 35 U.S.C. § 271(c) of the '435 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, devices that fall within the scope of one or more claims of the '435 patent, including, but not limited to, products bearing microprocessor devices, such

as the 47LX6500, 47LX9500, and other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '435 patent in substantially the same way to achieve the same result and have no substantial non-infringing uses. Upon information and belief, LG had knowledge of the non-staple nature of these products and the '435 patent throughout the entire period of its infringing conduct.

71.     Upon information and belief, LG's acts of infringement of the '435 patent have been and/or will be willful and intentional.

72.     As a direct and proximate result of LG's acts of patent infringement, ITRI has been and will continue to be irreparably damaged and deprived of its right in the '435 patent in amounts not yet determined, and for which ITRI is entitled to relief.

## COUNT VIII

## Patent Infringement of U.S. Patent No. 6,411,357

73.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-72 as though fully set forth herein.

74.     United States Patent No. 6,411,357, titled "Electrode Structure For A Wide Viewing Angle Liquid Crystal Display," (hereinafter "the '357 patent") was duly and legally issued by the United States Patent and Trademark Office on June 25, 2002, after full and fair examination. A true and correct copy of the '357 patent is attached as <u>Exhibit H</u> and made a part hereof.

75.     ITRI is the owner of all right, title, and interest in and to the '357 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. ITRI owned the '357 patent throughout the entire period of LG's infringing conduct.

76. The '357 patent is valid and enforceable.

77. LG has at no time been, either expressly or impliedly, licensed under the '357 patent.

78. Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and/or all predecessors in interest and/or implied or express licensees of the '357 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '357 patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to LG of its alleged infringement.

79. Upon information and belief, LG has been and now is directly, literally under 35 U.S.C. § 271(a) and/or equivalently under the doctrine of equivalents, infringing and/or indirectly infringing, by way of inducing infringement with specific intent under 35 U.S.C. § 271(b) and/or contributing to the infringement under 35 U.S.C. § 271(c) of the '357 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display devices that fall within the scope of one or more claims of the '357 patent, including, but not limited to, the 42LG60, 47LX9500, and other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '357 patent in substantially the same way to achieve the same result and have no substantial non-infringing uses. Upon information and belief, LG had knowledge of the non-staple nature of these products and the '357 patent throughout the entire period of its infringing conduct.

80.     Upon information and belief, LG's acts of infringement of the '357 patent have been and/or will be willful and intentional.

81.     As a direct and proximate result of LG's acts of patent infringement, ITRI has been and will continue to be irreparably damaged and deprived of its right in the '357 patent in amounts not yet determined, and for which ITRI is entitled to relief.

## <u>COUNT IX</u>

### <u>Patent Infringement of U.S. Patent No. 6,883,932</u>

82.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-81 as though fully set forth herein.

83.     United States Patent No. 6,883,932, titled "Apparatus For Improving Uniformity Used In A Backlight Module," (hereinafter "the '932 patent") was duly and legally issued by the United States Patent and Trademark Office on April 26, 2005, after full and fair examination.  A true and correct copy of the '932 patent is attached as <u>Exhibit I</u> and made a part hereof.

84.     ITRI is the owner of all right, title, and interest in and to the '932 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.  ITRI owned the '932 patent throughout the entire period of LG's infringing conduct.

85.     The '932 patent is valid and enforceable.

86.     LG has at no time, either expressly or impliedly, been licensed under the '932 patent.

87.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and/or all predecessors in interest and/or implied or express licensees of the '932 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by

placing a notice of the '932 patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to LG of its alleged infringement.

88.     Upon information and belief, LG has been and now is directly, literally under 35 U.S.C. § 271(a) and/or equivalently under the doctrine of equivalents, infringing and/or indirectly infringing, by way of inducing infringement with specific intent under 35 U.S.C. § 271(b) and/or contributing to the infringement under 35 U.S.C. § 271(c) of the '932 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display devices that fall within the scope of one or more claims of the '932 patent, including, but not limited to, the HP4510s display, 22LH200C, 22LD350, 47LX9500, 47LE5500, and other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '932 patent in substantially the same way to achieve the same result and have no substantial non-infringing uses.  Upon information and belief, LG had knowledge of the non-staple nature of these products and the '932 patent throughout the entire period of its infringing conduct.

89.     Upon information and belief, LG's acts of infringement of the '932 patent have been and/or will be willful and intentional.

90.     As a direct and proximate result of LG's acts of patent infringement, ITRI has been and will continue to be irreparably damaged and deprived of its right in the '932 patent in amounts not yet determined, and for which ITRI is entitled to relief.

## COUNT X

## Patent Infringement of U.S. Patent No. 7,125,141

91.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-90 as though fully set forth herein.

92.     United States Patent No. 7,125,141, titled "Apparatus For Homogeneously Distributing Lights," (hereinafter "the '141 patent") was duly and legally issued by the United States Patent and Trademark Office on October 24, 2006, after full and fair examination.  A true and correct copy of the '141 patent is attached as Exhibit J and made a part hereof.

93.     ITRI is the owner of all right, title, and interest in and to the '141 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.  ITRI owned the '141 patent throughout the entire period of LG's infringing conduct.

94.     The '141 patent is valid and enforceable.

95.     LG has at no time, either expressly or impliedly, been licensed under the '141 patent.

96.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and/or all predecessors in interest and/or implied or express licensees of the '141 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '141 patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to LG of its alleged infringement.

97.     Upon information and belief, LG has been and now is directly, literally under 35 U.S.C. § 271(a) and/or equivalently under the doctrine of equivalents, infringing and/or

indirectly infringing, by way of inducing infringement with specific intent under 35 U.S.C. § 271(b) and/or contributing to the infringement under 35 U.S.C. § 271(c) of the '141 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display devices that fall within the scope of one or more claims of the '141 patent, including, but not limited to, the 47LX9500 and other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '141 patent in substantially the same way to achieve the same result and have no substantial non-infringing uses.  Upon information and belief, LG had knowledge of the non-staple nature of these products and the '141 patent throughout the entire period of its infringing conduct.

98.    Upon information and belief, LG's acts of infringement of the '141 patent have been and/or will be willful and intentional.

99.    As a direct and proximate result of LG's acts of patent infringement, ITRI has been and will continue to be irreparably damaged and deprived of its right in the '141 patent in amounts not yet determined, and for which ITRI is entitled to relief.

## COUNT XI

## Patent Infringement of U.S. Patent No. 7,199,930

100.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-99 as though fully set forth herein.

101.    United States Patent No. 7,199,930, titled "Light Modulation Element," (hereinafter "the '930 patent") was duly and legally issued by the United States Patent and Trademark Office on April 3, 2007, after full and fair examination.  A true and correct copy of the '930 patent is attached as Exhibit K and made a part hereof.

102.     ITRI is the owner of all right, title, and interest in and to the '930 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. ITRI owned the '930 patent throughout the entire period of LG's infringing conduct.

103.     The '930 patent is valid and enforceable.

104.     LG has at no time, either expressly or impliedly, been licensed under the '930 patent.

105.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and/or all predecessors in interest and/or implied or express licensees of the '930 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '930 patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to LG of its alleged infringement.

106.     Upon information and belief, LG has been and now is directly, literally under 35 U.S.C. § 271(a) and/or equivalently under the doctrine of equivalents, infringing and/or indirectly infringing, by way of inducing infringement with specific intent under 35 U.S.C. § 271(b) and/or contributing to the infringement under 35 U.S.C. § 271(c) of the '930 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display devices that fall within the scope of one or more claims of the '930 patent, including, but not limited to, the HP4510s display, 22LH200C, 22LD350, 47LE5500, 47LX9500, and other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '930 patent in substantially

the same way to achieve the same result and have no substantial non-infringing uses. Upon information and belief, LG had knowledge of the non-staple nature of these products and the '930 patent throughout the entire period of its infringing conduct.

107. Upon information and belief, LG's acts of infringement of the '930 patent have been and/or will be willful and intentional.

108. As a direct and proximate result of LG's acts of patent infringement, ITRI has been and will continue to be irreparably damaged and deprived of its right in the '930 patent in amounts not yet determined, and for which ITRI is entitled to relief.

<u>**COUNT XII**</u>

<u>**Patent Infringement of U.S. Patent No. 7,205,719**</u>

109. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-108 as though fully set forth herein.

110. United States Patent No. 7,205,719, titled "Light Source with LED and Optical Protrusions," (hereinafter "the '719 patent") was duly and legally issued by the United States Patent and Trademark Office on July 31, 2007, after full and fair examination. A true and correct copy of the '719 patent is attached as <u>Exhibit L</u> and made a part hereof.

111. ITRI is the owner of all right, title, and interest in and to the '719 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. ITRI owned the '719 patent throughout the entire period of LG's infringing conduct.

112. The '719 patent is valid and enforceable.

113. LG has at no time, either expressly or impliedly, been licensed under the '719 patent.

114.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and/or all predecessors in interest and/or implied or express licensees of the '719 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '719 patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to LG of its alleged infringement.

115.     Upon information and belief, LG has been and now is directly, literally under 35 U.S.C. § 271(a) and/or equivalently under the doctrine of equivalents, infringing and/or indirectly infringing, by way of inducing infringement with specific intent under 35 U.S.C. § 271(b) and/or contributing to the infringement under 35 U.S.C. § 271(c) of the '719 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display devices that fall within the scope of one or more claims of the '719 patent, including, but not limited to, the 47LX9500 and other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '719 patent in substantially the same way to achieve the same result and have no substantial non-infringing uses.  Upon information and belief, LG had knowledge of the non-staple nature of these products and the '719 patent throughout the entire period of its infringing conduct.

116.     Upon information and belief, LG's acts of infringement of the '719 patent have been and/or will be willful and intentional.

117.     As a direct and proximate result of LG's acts of patent infringement, ITRI has been and will continue to be irreparably damaged and deprived of its right in the '719 patent in amounts not yet determined, and for which ITRI is entitled to relief

---

## COUNT XIII

## Patent Infringement of U.S. Patent No. 7,217,010

118.     Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-117 as though fully set forth herein.

119.     United States Patent No. 7,217,010, titled "Reflector With Negative Focal Length," (hereinafter "the '010 patent") was duly and legally issued by the United States Patent and Trademark Office on May 15, 2007, after full and fair examination. A true and correct copy of the '010 patent is attached as Exhibit M and made a part hereof.

120.     ITRI is the owner of all right, title, and interest in and to the '010 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. ITRI owned the '010 patent throughout the entire period of LG's infringing conduct.

121.     The '010 patent is valid and enforceable.

122.     LG has at no time, either expressly or impliedly, been licensed under the '010 patent.

123.     Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiffs and/or all predecessors in interest and/or implied or express licensees of the '010 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '010 patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to LG of its alleged infringement.

124.     Upon information and belief, LG has been and now is directly, literally under 35 U.S.C. § 271(a) and/or equivalently under the doctrine of equivalents, infringing and/or

indirectly infringing, by way of inducing infringement with specific intent under 35 U.S.C. § 271(b) and/or contributing to the infringement under 35 U.S.C. § 271(c) of the '010 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display devices that fall within the scope of one or more claims of the '010 patent, including, but not limited to, the HP4510s display, 47LX9500, 47-LE5500, and other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '010 patent in substantially the same way to achieve the same result and have no substantial non-infringing uses. Upon information and belief, LG had knowledge of the non-staple nature of these products and the '010 patent throughout the entire period of its infringing conduct.

125.    Upon information and belief, LG's acts of infringement of the '010 patent have been and/or will be willful and intentional.

126.    As a direct and proximate result of LG's acts of patent infringement, ITRI has been and will continue to be irreparably damaged and deprived of its right in the '010 patent in amounts not yet determined, and for which ITRI is entitled to relief.

## COUNT XIV

## Patent Infringement of U.S. Patent No. 7,339,197

127.    Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-126 as though fully set forth herein.

128.    United States Patent No. 7,339,197, titled "Light Emitting Diode And Fabrication Method Thereof," (hereinafter "the '197 patent") was duly and legally issued by the United

States Patent and Trademark Office on March 4, 2008, after full and fair examination. A true and correct copy of the '197 patent is attached as <u>Exhibit N</u> and made a part hereof.

129.    ITRI is the owner of all right, title, and interest in and to the '197 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. ITRI owned the '197 patent throughout the entire period of LG's infringing conduct.

130.    The '197 patent is valid and enforceable.

131.    LG has at no time, either expressly or impliedly, been licensed under the '197 patent.

132.    On information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and/or predecessors in interest and/or implied or express licensees of the '197 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '197 patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to LG of its alleged infringement.

133.    Upon information and belief, LG has been and now is directly, literally under 35 U.S.C. § 271(a) and/or equivalently under the doctrine of equivalents, infringing and/or indirectly infringing, by way of inducing infringement with specific intent under 35 U.S.C. § 271(b) and/or contributing to the infringement under 35 U.S.C. § 271(c) of the '197 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display devices that fall within the scope of one or more claims of the '197 patent, including, but not limited to, products bearing display devices, such as

the HP4510s display, 47LE5500, 47LX9500, and other similar products, which perform substantially the same function as the devices embodied in one or more claims of the '197 patent in substantially the same way to achieve the same result and have no substantial non-infringing uses. Upon information and belief, LG had knowledge of the non-staple nature of these products and the '197 patent throughout the entire period of its infringing conduct.

134. Upon information and belief, LG's acts of infringement of the '197 patent have been and/or will be willful and intentional.

135. As a direct and proximate result of LG's acts of patent infringement, ITRI has been and will continue to be irreparably damaged and deprived of its right in the '197 patent in amounts not yet determined, and for which ITRI is entitled to relief.

## COUNT XV

## Patent Infringement of U.S. Patent No. 7,586,126

136. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1-135 as though fully set forth herein.

137. United States Patent No. 7,586,126, titled "Light emitting device and method for fabricating the same," (hereinafter "the '126 patent") was duly and legally issued by the United States Patent and Trademark Office on September 8, 2009, after full and fair examination. A true and correct copy of the '126 patent is attached as <u>Exhibit O</u> and made a part hereof.

138. ITRI is the owner of all right, title, and interest in and to the '126 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. ITRI owned the '126 patent throughout the entire period of LG's infringing conduct.

139. The '126 patent is valid and enforceable.

140.    LG has at no time, either expressly or impliedly, been licensed under the '126 patent.

141.    Upon information and belief, to the extent any marking or notice was required by 35 U.S.C. § 287, Plaintiff and/or all predecessors in interest and/or implied or express licensees of the '126 patent, if any, have complied with the marking requirements of 35 U.S.C. § 287 by placing a notice of the '126 patent on all goods made, offered for sale, sold, and/or imported into the United States that embody one or more claims of that patent and/or providing actual or constructive notice to LG of its alleged infringement.

142.    Upon information and belief, LG has been and now is directly, literally under 35 U.S.C. § 271(a) and/or equivalently under the doctrine of equivalents, infringing and/or indirectly infringing, by way of inducing infringement with specific intent under 35 U.S.C. § 271(b) and/or contributing to the infringement under 35 U.S.C. § 271(c) of the '126 patent by making, using, offering to sell, and/or selling to customers and/or distributors (directly or through intermediaries) in this District and elsewhere within the United States and/or importing into the United States, without authority, display devices that fall within the scope of one or more claims of the '126 patent, including, but not limited to, the 47LX9500 and other similar products, which perform substantially the same function as the display devices embodied in one or more claims of the '126 patent in substantially the same way to achieve the same result and have no substantial non-infringing uses.  Upon information and belief, LG had knowledge of the non-staple nature of these products and the '126 patent throughout the entire period of its infringing conduct.

143.    Upon information and belief, LG's acts of infringement of the '126 patent have been and/or will be willful and intentional.

144.   As a direct and proximate result of LG's acts of patent infringement, ITRI has been and will continue to be irreparably damaged and deprived of its right in the '126 patent in amounts not yet determined, and for which ITRI is entitled to relief.

## CONCLUSION

145.   Unless Defendants are enjoined by this Court from continuing their patent infringements, Plaintiff will suffer additional irreparable harm for which there is no adequate remedy at law and impairment of the value of its patent rights.

146.   Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

147.   Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action.  The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiff is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## JURY DEMAND

148.   Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

149.   Plaintiff respectfully requests that the Court find in its favor and against LG, and that the Court grant Plaintiff the following relief:

A.     A judgment that each Defendant has infringed and continues to infringe each of the patents-in-suit as alleged herein, directly and/or indirectly by way of inducing or contributing to infringement of such patents;

B.    A judgment for an accounting of all damages sustained by ITRI as a result of the acts of infringement by each Defendant;

C.    A judgment and order requiring each Defendant to pay ITRI damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement until entry of the final judgment with an accounting as needed, and any royalties determined to be appropriate;

D.    A judgment and order requiring each Defendant to pay ITRI pre-judgment and post-judgment interest on the damages awarded;

E.    A judgment and order finding this to be an exceptional case and requiring each Defendant to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285;

F.    A preliminary and thereafter a permanent injunction against each Defendant's direct infringement, active inducements of infringement, and/or contributory infringement of each of the patents-in-suit as alleged herein, as well as against each Defendant's agents, employees, representatives, successors, and assigns, and those acting in privity or in concert with them; and

G.    Such other and further relief as the Court deems just and equitable.

Dated: November 25, 2010                    Respectfully submitted,

By: */s/ Alfonso G. Chan*
      Michael W. Shore
      Texas Bar No. 18294915
      Alfonso Garcia Chan
      Texas Bar No. 24012408
      **SHORE CHAN BRAGALONE
      DEPUMPO LLP**
      Bank of America Plaza
      901 Main Street, Suite 3300
      Dallas, Texas 75202
      Phone: 214-593-9110
      Fax: 214-593-9111
      mshore@shorechan.com
      achan@shorechan.com

      Richard A. Adams
      Texas Bar No. 00786956
      Phillip N. Cockrell
      Texas Bar No. 04465500
      Corey D. McGaha
      Texas Bar No. 24057992
      **PATTON ROBERTS PLLC**
      2900 St. Michael Dr., Suite 400
      P.O. Box 6128
      Texarkana, Texas 75503
      Phone: 903-334-7000
      Fax: 903-334-7007
      radams@pattonroberts.com
      pcockrell@pattonroberts.com
      cmcgaha@pattonroberts.com

      Jon B. Hyland
      Texas Bar No. 24046131
      Robert D. Katz
      Texas Bar No. 24057936
      **PATTON ROBERTS PLLC**
      Bank of America Plaza
      901 Main Street, Suite 3300
      Dallas, Texas 75202
      Phone: 214-580-3826
      Fax: 903-334-7007
      jhyland@pattonroberts.com
      rkatz@pattonroberts.com

      Attorneys for Plaintiff
      **INDUSTRIAL TECHNOLOGY
      RESEARCH INSTITUTE**